

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 NOV 30 PM 1: 35

CLERK-ALBUQUERQUE

CECIL E. BOYETT,

    Plaintiff,

v.                                      No. CIV-04-1283 JB/KBM

THE STATE OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaint. The Plaintiff is incarcerated, appears pro se, and has paid the filing fee. For the reasons below, the Court will dismiss the Plaintiff's Complaint.

Under § 1915A, the Court "shall . . . dismiss" a prisoner's complaint *sua sponte* if the "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing the Plaintiff's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.



See *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint invokes 42 U.S.C. § 1983 as its jurisdictional basis. The Plaintiff alleges that the State of New Mexico indicted him on February 12, 2004. As of October 25, 2004, the State had not brought him to trial. The Plaintiff contends that the State's delay has violated his constitutional right to a speedy trial. For relief, he asks that this Court order his release and dismissal of the charges against him.

The Plaintiff may not litigate his claim for release and dismissal of charges in an action under 42 U.S.C. § 1983.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to §1983.

*Nelson v. Campbell*, --- U.S. ---, ---, 124 S. Ct. 2117, 2122 (2004) (quoting § 1983 and citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). "A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) (citing *Preiser*, 411 U.S. at 489, 494). In particular, "[s]ection 2241 may be used to challenge the underlying authority of an entity to hold a prisoner in custody." *Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir.), *judgment vacated as moot*, 268 F.3d 953, 955 (10th Cir. 2001). The Plaintiff may only prosecute his claim in an application for writ of habeas corpus.

In this circumstance, the Court could construe the Complaint as an application for writ of

habeas corpus. *See Atencio v. Ipson*, No. 02-1450, 2003 WL 1522270, at **1 (10th Cir. Mar. 25, 2003). Alternatively, the Court can dismiss the Complaint without prejudice. *See id.* An applicant must exhaust state court remedies before filing an application for writ of habeas corpus in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The Plaintiff makes no allegation that he has sought habeas relief in the state courts. The Court, therefore, will dismiss the complaint without prejudice.

**IT IS THEREFORE ORDERED** that the Plaintiff's Complaint is DISMISSED without prejudice to his right to present his claim in an application for writ of habeas corpus after exhaustion of state court remedies; all pending motions are DENIED as moot; and this proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE